OPINION
Appellant Julie Little is appealing her conviction, in the Muskingum County Court of Common Pleas, for three counts of knowingly selling or offering to sell marijuana and two counts of knowingly selling or offering to sell methylphenidate. The facts giving rise to this appeal are as follows.
On March 13, 1996, the Muskingum County Grand Jury indicted appellant on the above charges. Appellant filed numerous pre-trial motions. The motions at issue on appeal are appellant's motion for sanctions for failure to comply with discovery requests and motion to suppress. The trial court overruled both of these motions prior to the commencement of appellant's trial.
At trial, the State relied upon the testimony of two confidential informants to prove its case. Confidential informant Jenny Williams testified that she agreed to perform undercover work for the Muskingum County Sheriff's Department because she was arrested for selling a bag of marijuana. Jenny Williams stated that she went to appellant's residence to buy a bag of marijuana subsequent to placing a phone call to appellant's residence. Williams further testified that she purchased the marijuana, from appellant, after arriving at appellant's residence.
The second confidential informant to testify, William Brock, stated that he agreed to do undercover work for the sheriff's department to help his girlfriend, Jenny Williams, and to help the community. Brock testified that on October 29, 1995, he received a bag of marijuana and four ritalin pills from appellant and agreed to pay her for these drugs on October 30, 1995. Brock returned to appellant's residence, on October 30, 1995 and paid for the drugs he purchased on October 29 and purchased another bag of marijuana and more ritalin pills. A tape recording was made of this transaction and played, in court, for the jury.
At the close of the State's case, appellant moved for acquittal pursuant to Crim.R. 29. The trial court overruled appellant's motion. Appellant testified, at trial, that she merely delivered a bag to Brock, from Theresa Smith, Brock's cousin, and was unaware of the contents of the bag and did not make any money on the transaction.
Following deliberations, the jury found appellant guilty, as charged, in the indictment. The trial court sentenced appellant to a determinate sentence on each of the five counts, with said sentences to run concurrently. Appellant timely filed her notice of appeal and sets forth the following assignments of error:
 I. THE TRIAL COURT ERRED WHEN IT REFUSED TO SANCTION THE APPELLEE FOR FAILURE TO COMPLY WITH THE DISCOVERY REQUESTS OF THE APPELLANT.
 II. THE TRIAL COURT DENIED THE APPELLANT HER CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW AS PROVIDED BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, WHERE ITS VERDICT WAS BASED UPON INSUFFICIENT EVIDENCE AS WELL AS BEING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION TO SUPPRESS PURSUANT TO O.R.C. SECTION 2933.63.
 IV. THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO A DETERMINATE SENTENCE OF 1 AND 1/2 YEARS ON EACH OF THE FIVE COUNTS.
 I
In her first assignment of error, appellant maintains the trial court erred when it refused to sanction the State for failure to comply with the her discovery requests. We disagree.
Specifically, appellant filed the following motions. On June 4, 1996, appellant filed a motion to compel production of exculpatory evidence requesting information regarding monetary payments or other consideration provided to the confidential informants. On June 6, 1996, appellant filed a demand and motion for discovery and certificate seeking disclosure of any and all consideration it has held out to a witness to encourage that witnesses's cooperation with the State. Finally, on July 3, 1996, appellant filed a motion to compel production of exculpatory evidence that would aid appellant in establishing that she was entrapped by the State and any other exculpatory evidence.
Prior to the commencement of trial, on January 9, 1997, appellant moved for sanctions against the State for failing to timely provide discovery. Appellant did not receive the information regarding the amount of compensation received by the confidential informants until the day before trial. Appellant further contends that the information she did receive was merely an expense summary with no specific information. Appellant also contends that the State failed to provide the entire agreement it had with William Brock because it failed to provide the amount of the payment he received, from the Muskingum County Sheriff's Department, for his testimony.
The trial court denied appellant's request for sanctions. Crim.R. 16(E)(3) discusses discovery sanctions and provides as follows:
 (3) Failure to Comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.
The rule clearly gives the trial court discretion concerning the sanctions to impose. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
We find the trial court did not act unreasonably, arbitrarily or unconscionably. The expense report provided to appellant, regarding William Brock, contained financial information for a three-month period. The expense report indicates that Brock received $340 for miscellaneous relocation; $1,150.47 for housing; $210 for food; $575 for contraband purchases; and $68.58 for miscellaneous expenses. We do not see nor does appellant explain how a more detailed expense report would have assisted appellant in her defense. The State supplied appellant with the information she requested and the trial court did not abuse its discretion when it overruled appellant's motion for sanctions as it pertains to the expense report.
Appellant also contends that she was not provided the entire agreement between the State of Ohio and William Brock. Although the State gave appellant a copy of the contract Brock entered into with the Muskingum County Sheriff's Department, it was not until cross-examination, at trial, that appellant learned of the amount of money to be paid to Brock for his testimony. We also find the trial court did not abuse its discretion as to this issue because the State provided appellant with a copy of the contract between the sheriff's department and Brock and was able to discover additional information through cross-examination.
Appellant's first assignment of error is overruled.
 II
Appellant contends, in her second assignment of error, that the jury's verdict is against the manifest weight of the evidence. We disagree.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
In support of this assignment of error, appellant attacks the credibility of the two confidential informants. Upon review of appellant's testimony and the testimony of the two confidential informants, we find the jury's verdict is not against the manifest weight of the evidence. William Brock testified about the transactions he made with appellant and the drugs he received. Tr. Vol. II at 218-220. Jenny Williams also testified about appellant weighing the marijuana. Tr. Vol. I at 131. We do not find the jury clearly lost its way and created a manifest miscarriage of justice which would entitle appellant to a new trial. The jury's verdict is supported by the evidence.
Appellant's second assignment of error is overruled.
 III
Appellant contends, in her third assignment of error, that the trial court erred when it overruled her motion to suppress pursuant to R.C. 2933.63. We disagree.
On appeal, appellant argues the trial court did not apply the correct law to its findings of fact. Therefore, we can only reverse the trial court if we find it committed an error of law.State v. Williams (1993), 86 Ohio App.3d 37. R.C. 2933.63(A) gives an aggrieved person the right to request that a court suppress the contents or any evidence derived from the contents of any intercepted wire or oral communication when the communication was unlawfully intercepted. The problem with appellant's argument is that section (B)(3) of R.C. 2933.63 specifically provides that it does not apply to law enforcement officers who intercept a wire communication if the officer is a party to the communication or if one of the parties to the communication has given prior consent to the interception from the officer.
Since the informants, who were working with the sheriff's department, gave their consent to intercept the communications with appellant, the trial court did not violate R.C. 2933.63 by overruling appellant's motion to suppress. Further, because of the informant's consent, no interception warrant or authorization for interception was required. The trial court did not commit an error of law in denying appellant's motion to suppress.
Appellant's third assignment of error is overruled.
 IV
In her final assignment of error, appellant maintains the trial court erred when it imposed her sentence of one and one-half years on each count because she should have been sentenced under the law as amended on July 1, 1996, by Senate Bill 2, since she committed the crimes prior to the enactment of Senate Bill 2, but was not convicted and sentenced until after the effective date of Senate Bill 2. We agree.
We addressed this issue in two previous opinions: State v.Rush (July 7, 1997), Stark App. No. 96CA419, unreported and Statev. Fulton (Dec. 8, 1997), Knox App. No. 96 CA 31, unreported. In both cases, we found R.C. 1.58(B) applicable. This statute provides as follows:
 If the penalty, forfeiture, or punishment for any offense is reduced by reenactment or amendment of the statute, the penalty forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.
This statute is applicable even though Section 5 of Senate Bill 2, as amended by Am. Sub. No. 269, provides as follows:
 The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and, notwithstanding division (B) of section 1.58 of the Revised Code, to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date.
Although the General Assembly provided, in the above statute, that R.C. 1.58 was not applicable, the General Assembly failed to comply with the Ohio Constitution's requirement that a law not be amended unless the old law is repealed. See Article II, Section15 of the Ohio Constitution. Neither Senate Bill 2 or Senate Bill 269 purport to repeal R.C. 1.58(B).
Since a conflict exists between the statutory provisions contained in R.C. 1.58 and Senate Bill 2, we must construe the statutes against the State and liberally in favor of the appellant. Thus, the trial court should have permitted appellant to elect to be sentenced in accord with Senate Bill 2.
Appellant's fourth assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed in part and reversed in part.
By: Wise, J., Gwin, J., and Farmer, P. J., concur.